1  **YU | MOHANDESI LLP**

2  **B. Ben Mohandesi** (214921)
3  213.377.5505 | bmohandesi@yumollp.com
   **Jordan S. Yu** (227341)
   213.377.5502 | jyu@yumollp.com
4  633 West Fifth Street, Suite 2800
   Los Angeles, CA 90071
5  213.377.5501 Facsimile

6  Attorneys for Defendant
   Resurgent Capital Services, L.P.
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  MARIA HERNANDEZ, an Individual        Case No.: **CV14-1170** PLA

12          Plaintiff,                    [Removal from the Superior Court of
                                          California for the County of Los
13          vs.                           Angeles, Case No. BC532565]

14  RESURGENT CAPITAL SERVICES,           **DEFENDANT RESURGENT
    L.P., is a business entity, form unknown;  CAPITAL SERVICES, L.P.'S
15  and DOES 1-25, Inclusive,             NOTICE OF REMOVAL
                                          PURSUANT TO 28 U.S.C. §§ 1331,
16          Defendants.                   1441(c), AND 1446**

17                                        [FEDERAL QUESTION]

18

19

20

21

22

23

24

25

26

27

28

                                  – 1 –

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1  **YU | MOHANDESI LLP**

2  **B. Ben Mohandesi** (214921)
   213.377.5505 | bmohandesi@yumollp.com
3  **Jordan S. Yu** (227341)
   213.377.5502 | jyu@yumollp.com
4  633 West Fifth Street, Suite 2800
   Los Angeles, CA 90071
5  213.377.5501 Facsimile

6  Attorneys for Defendant
   Resurgent Capital Services, L.P.

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  MARIA HERNANDEZ, an Individual   Case No.: **CV14-1170** PLA

12              Plaintiff,            [Removal from the Superior Court of
                                      California for the County of Los
13          vs.                       Angeles, Case No. BC532565]

14  RESURGENT CAPITAL SERVICES,      **DEFENDANT RESURGENT
    L.P., is a business entity, form unknown;   CAPITAL SERVICES, L.P.'S
15  and DOES 1-25, Inclusive,        NOTICE OF REMOVAL
                                      PURSUANT TO 28 U.S.C. §§ 1331,
16              Defendants.           1441(c), AND 1446**

17                                    [FEDERAL QUESTION]

18

19

20

21

22

23

24

25

26

27

28

                        – 1 –

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Resurgent Capital Services, L.P. ("Defendant") hereby removes the action described below from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

I.   **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about January 8, 2014, plaintiff Maria Hernandez ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles ("Superior Court"), entitled *Maria Hernandez v. Resurgent Capital Services, L.P.*, Case No. BC532565. In the Complaint, Plaintiff alleges that Defendant attempted to collect a debt Plaintiff did not owe despite having notice that Plaintiff is a victim of identity theft. Complaint, ¶ 10-12. Based on the these allegations, Plaintiff asserts three causes of action against Defendant: (1) violation of the California Identity Theft Law, Cal. Civ. Code 1798.92, (2) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.* and (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Summons, Complaint and Civil Case Cover Sheet are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the FDCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Further, this Court has supplemental jurisdiction over

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1   Plaintiff's state law claims (the California Identity Theft Law and the RFDCPA),
2   which form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a).
3   Specifically, like Plaintiff's FDCPA claim, Plaintiff's California Identity Theft Law
4   claim and RFDCPA claim also allege that Defendant improperly engaged in collection
5   activity against Plaintiff, an identity theft victim.  Accordingly, this action may be
6   removed to this Court pursuant to 28 U.S.C. § 1441.

7   **II.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE**
8   **        SATISFIED**

9        On or about January 8, 2014, Plaintiff filed this action in the Superior Court of
10  California for the County of Los Angeles.  Defendant was served with the Complaint
11  on January 15, 2014.  This Notice of Removal is timely in that it was filed within 30
12  days from the time Defendant had notice that the action was removable, and less than
13  a year after the commencement of the action.  *See* 28 U.S.C. § 1446(b).  Defendant's
14  Answer - previously filed in the Superior Court - is attached hereto as **Exhibit B**.

15       The Superior Court of California for the County of Los Angeles is located
16  within the United States District Court for the Central District of California, Western
17  Division.  *See* 28 U.S.C. § 84(c)(2).  Thus, venue is proper in this Court because it is
18  the "district and division embracing the place where such action is pending."  28
19  U.S.C. § 1441(a).

20       In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and
21  file with the Clerk of the Superior Court a written notice of the filing of this Notice of
22  Removal, attaching a copy of this Notice of Removal.

23       No previous application has been made for the relief requested herein.

24  ///

25

26

27

28

YUI MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED:  February 14, 2014.

YU | MOHANDESI LLP

By_____
Jordan S. Yu
B. Ben Mohandesi
Attorneys for Defendant
Resurgent Capital Services, L.P.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

– 4 –

# EXHIBIT A

A6000
91605

Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for Plaintiff:  Maria Hernandez

DEPT. 16
RITA MILLER

FILED
Superior Court Of California
County Of Los Angeles

JAN 08 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

# SUPERIOR COURT OF THE STATE OF

# CALIFORNIA COUNTY OF LOS ANGELES

MARIA HERNANDEZ, an Individual;

Plaintiff,

vs.

RESURGENT CAPITAL SERVICES
L.P., is a business entity, form
unknown;  and DOES 1-25, Inclusive,

Defendants.

Case No.:      BC 5 3 2 5 6 5

**COMPLAINT FOR DAMAGES:**

1. CALIFORNIA IDENTITY THEFT
   LAW.
2. ROSENTHAL DEBT
   COLLECTION PRACTICES ACT.
3. FEDERAL FAIR DEBT
   COLLECTION PRACTICES ACT

**JURY TRIAL DEMANDED.**

Plaintiff alleges:

1. Plaintiff MARIA HERNANDEZ ("Plaintiff") is a resident of County of
Los Angeles, State of California.

2. Defendants RESURGENT CAPITAL SERVICES L.P.("RESURGENT")
is a collection agency, which, among other activities, reports allegedly delinquent
debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

COMPLAINT FOR DAMAGES

3. Defendants DOES 1-25 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

# FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA IDENTITY THEFT
## LAW, CIV. CODE SECTION 1798.92 et seq.,
## AGAINST RESURGENT AND DOES 1-25, INCLUSIVE.

6. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

7. On or about January 2008, Plaintiff discovered that someone unknown to her used her identity to purchase a home in Palmdale, California, prompting her to file a police report for identity theft. However, at the time she had no knowledge that RESURGENT and DOES 1-25, Inclusive, would become "claimants" against her in the identity theft scheme. RESURGENT'S involvement did not occur for several more years.

8. On or about October 2013, Plaintiff received a monthly statement from Defendant Resurgent requesting a monthly payment of $512.98 on loan number 0261808589. The principal balance as of October 1, 2013 was $51,749.84.

9. On or about November 2013, Plaintiff received a monthly statement from Defendant Resurgent requesting a monthly payment of $512.98 on loan number 0261808589.

10. On or about November 20, 2013, Plaintiff sent correspondence to RESURGENT advising that she was a victim of identity theft and to deny any connection or responsibility for loan # 0261808589. Plaintiff has submitted a copy of her police report, her Social Security Card, utility bill and California identification to assist in the research process.

11. On or about December 2013, Plaintiff received a monthly statement from Defendant Resurgent requesting a monthly payment of $512.98 on loan number 0261808589.

12. In continuing debt collection activities and in continuing to claim

---

COMPLAINT FOR DAMAGES

1  against Plaintiff after she had reported to them the identity theft situation and after

2  providing them with a police report, RESURGENT and DOES 1-25, Inclusive,

3  willfully violated the California Identity Theft Law, Civ. Code Section 1798.92 et

4  seq.

5         13. Plaintiff has suffered actual damages, including general, special,

6  incidental and consequential damages, and is also entitled to attorney's fees and

7  costs under the California Identity Theft Law.  In addition, Plaintiff alleges that

8  defendants RESURGENT and DOES 1-25, Inclusive, specifically violated Civ.

9  Code Section 1798.93 (c) (6), thereby entitling her to a $30,000.00 penalty, in

10  addition to any other damages which may be assessed.

11

12  **SECOND CAUSE OF ACTION**

13  **VIOLATION OF CALIFORNIA ROSENTHAL ACT**

14  **AGAINST RESURGENT AND DOES 1-25, INCLUSIVE.**

15         14. Plaintiff incorporates all preceding paragraphs as though alleged in full

16  in this cause of action.

17         15. In continuing debt collection activities after the point where Plaintiff

18  notified defendants of the identity theft situation, and after she provided them with

19  a police report of the identity theft, defendants RESURGENT and DOES 1-25,

20  Inclusive, willfully and knowingly violated the California Rosenthal Act, and

21  specifically violated Civ. Code Section 1788.18.

22         16. Plaintiff has suffered actual damages, including general, special,

23  incidental and consequential damages, and is also entitled to attorney's fees and

24  costs under the Rosenthal Act.  In addition, Plaintiff alleges that defendants

25  RESURGENT and DOES 1-25, Inclusive, specifically violated Civ. Code Section

26  1788.18 and 15 USC Section 1691e (8), thereby entitling her to a statutory

27  penalty, in addition to any other damages which may be assessed.

28

---

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

## [VIOLATION OF FEDERAL FDCPA AGAINST RESURGENT AND DOES 1-25, INCLUSIVE]

17. Plaintiff incorporates all preceding paragraphs as though alleged in full in this cause of action.

18. Defendants RESURGENT and DOES 1-25, Inclusive, are "debt collectors" as this term is defined in 15 U.S.C. Section 1692a.

19. Defendants RESURGENT and DOES 1-25, Inclusive, have violated the federal Fair Debt Collection Practices Act in at least the following ways:

      i.    15 U.S.C. Section 1692e (2): false representations about the character, amount or legal status of the debt;

      ii.    15 U.S.C. Section 1692e (5): threats to take legal action that could not be taken; and,

      iii.    15 U.S.C. Section 1692f (1): the collection of any amount not permitted by law to be collected.

20. Plaintiff reserves the right to amend the complaint to allege additional violations of the federal FDCPA as these become, or may become, known.

21. As a result of the violations of the federal FDCPA by defendants RESURGENT and DOES 1-25, Inclusive, Plaintiff has suffered actual, general, special, incidental and consequential damages according to proof. In addition, Plaintiff also seeks such statutory penalties and other relief as is available based upon the facts presented at trial. Plaintiff is also entitled to his attorney's fees and costs under federal FDCPA.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

---

COMPLAINT FOR DAMAGES

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: January ___ 2014        **LAW OFFICES OF ROBER F. BRENNAN, A P.C.**

By:_____
Robert F. Brennan
Attorney for Plaintiff

---

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robeert F. Brennan SBN 132449<br>LAW OFFICES OF ROBERT F. BRENNAN AP.C.<br>3150 Montrose Ave.<br>La Crescenta CA 91214 | **FILED**<br>Superior Court Of California<br>County Of Los Angeles |

TELEPHONE NO.: 818-249-5291     FAX NO.: 818-249-4329

ATTORNEY FOR *(Name):* Plaintiff Maria Hernandez

**JAN 08 2014**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: same as above

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Central District

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
          Judi Lara

CASE NAME:

Hernandez v. Resurgent Capital Servcices L.P.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC532565**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive

4. Number of causes of action *(specify):*  3

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2014

Robert F. Brennan

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Hernandez v. Resurgent Capital Services LP | CASE NUMBER | BC532565 |
|---|---|---|

FOR COURT USE ONLY

**FILED**
Superior Court Of California
County Of Los Angeles

JAN 08 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Judi Lara

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 4-5 ☐ HOURS/ ☑ DAYS

**Item II.** Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Hernandez v. Resurgent Capital Services LP | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Hernandez v. Resurgent Capital Services LP | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) . | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Hernandez v. Resurgent Capital Services LP | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>7725 Laurel Canyon Blvd. |
|---|---|
| CITY:<br>North Hollywood | STATE:<br>CA | ZIP CODE:<br>91605 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Los Angeles__ courthouse in the __Central__ District of the Los Angeles Superior Court [Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __January 8, 2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

> **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LASC Approved CIV 109 (Rev. 01/07).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/11)
LASC Draft 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

# EXHIBIT B



**YU | MOHANDESI LLP**

B. Ben Mohandesi (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
Jordan Yu (SBN 227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Resurgent Capital Services, L.P.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 1 3 2014

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

MARIA HERNANDEZ, an Individual,

      Plaintiff,

      vs.

RESURGENT CAPITAL SERVICES, L.P, is a
business entity, form unknown; and DOES 1-25,
Inclusive,

      Defendants.

Case No. BC532565

**DEFENDANT RESURGENT CAPITAL
SERVICES, L.P.'S ANSWER TO
PLAINTIFF'S COMPLAINT; DEMAND
FOR JURY TRIAL**

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Defendant Resurgent Capital Services, L.P. ("Defendant") hereby answers Plaintiff Maria Hernandez's ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiff is entitled to any relief against Defendant. In addition, Defendant denies that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error or omission on the part of Defendant, or any agent, employee or any other person acting under Defendant's authority or control.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands and laches.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her alleged damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant's conduct was privileged and/or justified.

## SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

omissions.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff's claims are barred by the statute of limitations, including but not limited to California Civil Code sections 1798.96, 1788.30 and 15 U.S.C. § 1692k.

## TENTH AFFIRMATIVE DEFENSE

10.     Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWELFTH AFFIRMATIVE DEFENSE

12.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant specifically gives notice that it intends to rely upon such other defenses as

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1    may become available by law, or pursuant to statute, or during any further discovery proceedings of

2    this case, and hereby reserves the right to amend its Answer and assert such defenses.

3

4          WHEREFORE, Defendant prays for judgment as follows:

5                1.      That Plaintiff takes nothing by reason of the Complaint;

6                2.      For its costs of suit herein;

7                3.      For attorney's fees according to proof to the extent available by law or

8                        contract; and

9                4.      For such other and further relief as this Court may deem just and proper.

10

11   DATED:  February 13, 2014.

12                                      YU | MOHANDESI LLP

13

14                              By_____
                                        Jordan S. Yu
15                                      B. Ben Mohandesi
                                        Attorneys for Defendant
16                                      Resurgent Capital Services, L.P.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury in this action.


DATED:  February 13, 2014.

                              YU | MOHANDESI LLP

                              By_____
                              Jordan S. Yu
                              B. Ben Mohandesi
                              Attorneys for Defendant
                              Resurgent Capital Services, L.P.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**PROOF OF SERVICE**

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Yu | Mohandesi LLP, 633West Fifth Street, Suite 2800, Los Angeles, CA 90071.  On February 13, 2014, I served the following document(s) by the method indicated below:

**DEFENDANT RESURGENT CAPITAL SERVICES, L.P.'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

|  | |
|---|---|
|  | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below.  The transmission was completed before 5:00 p.m. and was reported complete and without error.  Service by fax was ordered by the Court.  The transmitting fax machine complies with Cal.R.Ct 2003(3). |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|  | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|  | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|  | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|  | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

Robert F. Brennan, Esq.
LAW OFFICES OF ROBERT F. BRENNAN, A.P.C.
3150 Montrose Ave.
La Crescenta, CA 91214

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on February 13, 2014, at Los Angeles County, California.



_____
Jordan Yu